UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS JENKINS, | No. 2:14-cv-2447 AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY BEARD, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 and 28 U.S.C. § 636(b)(1).

The certificate portion of the in forma pauperis application has not been filled out or signed by an authorized prison official. See 28 U.S.C. § 1915(a)(2); see ECF No. 5. Moreover, after submitting the application, plaintiff was twice moved to other facilities. Plaintiff will be provided an opportunity to submit a fully completed application to proceed in forma pauperis.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it asserts claims that are legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

1

who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The complaint in this action is patently frivolous. The complaint improperly names twenty plaintiffs (plaintiff may proceed only on his own behalf),[1] while the only named defendant is Jeffrey Beard, Secretary of the California Department of Corrections and Rehabilitation.[2] The body of the complaint, while lengthy and filled with legal jargon, fails to identify any specifically challenged conduct by any named defendant and fails to articulate any identifiable relief sought by plaintiff.

The complaint does not contain "a short and plain statement of the claim[s] showing that the pleader is entitled to relief," as required by Rule 8, Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants of the claims against them and identify how the alleged conduct satisfies the elements of each claim, stated plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Because the complaint utterly fails to comply with these requirements, it must be dismissed. The court will, however, grant plaintiff leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, the complaint must clearly allege how the conditions complained of resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how

---

[1] "Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted); see also McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (same). Moreover, although the instant complaint does not purport to be a class action, plaintiff is informed that "[i]it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (citation omitted). The "representative parties" in a class action must "fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4), and themselves be represented by counsel, see Darden v. Indymac Bancorp, Inc., 2009 WL 5206637, *2 (E.D. Cal. 2009) (citing cases).

[2] "In a section 1983 claim, a supervisor is liable for the acts of his subordinates [only] if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them. The requisite causal connection may be established [only] when an official sets in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict constitutional harms." Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009) (citations and internal quotation marks omitted).

each named defendant was involved. There can be no liability under Section 1983 unless there is an affirmative link or connection between a defendant's challenged conduct and the claimed constitutional deprivation. See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [S]ection 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") (Citations omitted.) Vague and conclusory allegations of official participation are insufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (an amended complaint supersedes the original complaint). Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 5, is denied without prejudice to plaintiff filing a new and fully completed application to proceed in forma pauperis;

2. Plaintiff's complaint, ECF No. 1, is dismissed without prejudice;

3. Plaintiff shall, within thirty days after the filing date of this order, file the following:

   a. A new and fully completed application to proceed in forma pauperis; and

   b. An amended complaint that bears the docket number assigned this case, is labeled "Amended Complaint," and complies with the pleading requirements of the Federal Rules of Civil Procedure;

4. Failure to timely file a new application to proceed in forma pauperis and an amended complaint that states a potentially cognizable civil rights claim will result in a recommendation that this action be dismissed without prejudice;

5. The Clerk of Court is directed to send plaintiff, together with service of this order, a blank application to proceed in forma pauperis by a prisoner, and a blank civil rights complaint by a prisoner.

DATED: May 5, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE