UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS JENKINS, | No. 2:14-cv-2447 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY BEARD, | |
| Defendant. | |

On July 13, 2015, this court issued findings and recommendations, recommending the dismissal of this prisoner civil rights action without prejudice due to plaintiff's failure to file an amended complaint.[1]  See ECF No. 12.  Thereafter, plaintiff filed a notice of change of address and requested a 30-day extension of time within which to file an amended complaint. Plaintiff

---

[1] In a prior order, filed May 6, 2015, the court found that plaintiff's original complaint was frivolous for the following reasons, ECF No. 8 at 2 (fns. omitted):

> The complaint improperly names twenty plaintiffs (plaintiff may proceed only on his own behalf), while the only named defendant is Jeffrey Beard, Secretary of the California Department of Corrections and Rehabilitation.  The body of the complaint, while lengthy and filled with legal jargon, fails to identify any specifically challenged conduct by any named defendant and fails to articulate any identifiable relief sought by plaintiff.

Nevertheless, the court granted plaintiff leave to file an amended complaint that conforms with the pleading requirements of the Federal Rules of Civil Procedure and states a cognizable claim under the Civil Rights Act, 42 U.S.C. § 1983.

1

states that he has "been transferred to over four (4) different prisons due to plaintiff receiving specialized 'Cancer Chemo Therapy,' on going and currently receiving outside hospital treatment twice a week, and physically not being able to move. . . ." ECF No. 13 at 1.  For good cause shown, plaintiff's request for additional time will be granted.[2]

Plaintiff also requests appointment of counsel.  ECF No. 11.  In addition to asserting circumstances common to most prisoners, including indigence, lack of legal education, limited law library access, and limited ability to investigate due to imprisonment, plaintiff asserts that his serious physical and mental illnesses combined with the side effects to his medications (plaintiff states that he is delusional, is on "Psy/Morphine Medication," and is in a "drugged stupor most of the time"), render him unable to represent himself.  Id. at 1.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners do not establish exceptional circumstances.

In the present case, the court does not find the required exceptional circumstances at the

---

[2] The court also previously directed plaintiff to submit a fully completed in forma pauperis application.  Plaintiff's in forma pauperis motion filed June 3, 2015, ECF No. 10, is adequate; plaintiff need not submit further information in support of his in forma pauperis application.  The court will defer ruling on the application until plaintiff submits an amended complaint.

present time, primarily because plaintiff has not submitted a complaint with allegations sufficient to state a cognizable claim.  See n.1, supra.  The court remains uninformed about the reasons that plaintiff initiated this suit, and thus cannot ascertain the complexity of the issues involved or plaintiff's likelihood of success on the merits of his claims.  Therefore, plaintiff's request for appointment of counsel will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations filed July 13, 2015, ECF No. 12, are vacated;

2.  Plaintiff's motion for appointment of counsel, ECF No. 11, is denied without prejudice; and

3.  Plaintiff's motion for an extension of time to file an amended complaint, ECF No. 13, is granted; plaintiff shall file[3] his amended complaint within thirty days after the filing date of this order.

DATED: July 23, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] The filing date of plaintiff's amended complaint will be determined by the prison mailbox rule, that is, the date when plaintiff signs the amended complaint and gives it to prison officials for mailing to the court.  See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule).